**[J-79-2012] [M.O.: Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 563 CAP |
| | : | |
| Appellee | : | Appeal from the Order of the Court of |
| | : | Common Pleas of Philadelphia County, |
| | : | Criminal Division, dated November 16, |
| v. | : | 2007 at No. CP-51-CR-0602521-1989 |
| | : | |
| | : | |
| ANTHONY REID, | : | |
| | : | SUBMITTED: June 20, 2012 |
| Appellant | : | |

**CONCURRING OPINION**

**MR. JUSTICE BAER**                    **DECIDED: August 20, 2014**

I join the Majority Opinion, subject to my reservation discussed below with regard to Appellant's claim of prosecutorial misconduct.

As the Majority describes, Appellant argues that his due process rights were violated by several statements the prosecutor made during closing argument during the guilt phase. See Maj. Slip Op. at 43. Among other statements Appellant finds objectionable is the prosecutor's derogatory comment characterizing him as a "gangster" and "gun slinger" "marauding the streets," and the prosecutor's plea to the jury to take Appellant "and his kind" off the streets. See Maj. Slip Op. at 46 (citing Notes of Testimony (N.T) 8/13/1990, at 1208-10) (". . . three potato chip gangsters, robot gun slingers, marauding your streets. . ."); id. ("Because we have Anthony Reid and his kind

on your streets; and we have him there because overnight he just sprung up everywhere, the macho man."); Id. at 48 (citing N.T. 8/13/1990, at 1212-15) ("What is wrong with a society of Anthony Tone Reids. . .?"); id. at 49 (citing N.T. 8/13/1990, at 1217-1219) ("I'm going to ask you to cut his kind, cut his kind out from the streets. Cut his kind out from shooting people at the slightest whim.").

As we have explained, "[c]omments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict." Commonwealth v. Tedford, 960 A.2d 1, 33 (Pa. 2008). Notwithstanding this high standard for reversal, we have "stridently condemned" certain prosecutorial statements which, for example, urge a criminal jury to "send a message" to the community or the criminal justice system. Commonwealth v. Patton, 985 A.2d 1283, 1287 (Pa. 2009).

In Commonwealth v. LaCava, 666 A.2d 221, 237 (Pa. 1995), where the prosecutor argued to the jury in the penalty phase that the defendant was a drug dealer, that drug dealers ("people like him") had wrecked the neighborhood, and that "these guys," and "guys like this," had made the streets unsafe, we found that the prosecutor crossed the line and engaged in misconduct. We explained that "the sole purpose of the prosecutor's comments was to attempt to turn the jury's sentencing of appellant into a plebiscite on drugs and drug dealers and their destructive effect on society." Id. at 237. See also Commonwealth v. Johnson, 533 A.2d 994 (Pa. 1987) (holding that the prosecutor's argument suggesting guilt by association, by pointing out that the witnesses were criminals and the defendant associated with them, was improper, not

cured by a curative instruction, and required a new trial); but see Commonwealth v. Morales, 701 A.2d 516, 528 (Pa. 1997) (finding that the prosecutor's comment that it was up to the jury to decide whether "we will be a law abiding society or whether we will be reduced to barbarism" was oratorical flair that did not entitle the defendant to a new trial).

The Majority holds that the comments made in this case were sufficiently rooted in the evidence because they referred specifically to the three individuals, including Appellant, who responded to a thrown snowball by chasing a group of children through city streets, and to Appellant specifically, who fired into a crowd of people, killing the victim. I view this as a very close case. While I ultimately agree with the Majority that, in carefully reading the prosecutor's closing argument in its totality, one can conclude that there was an adequate basis in the record for the prosecutor's remarks, and that the comments did not have "the unavoidable effect" of prejudicing the jury to the extent that they could not render a fair verdict, see Commonwealth v. Patton, 985 A.2d 1283 (Pa. 2009) (stating that the comments of a prosecutor, "when directed exclusively to events underlying the case, will be evaluated on a case-by-case basis."), they are nonetheless troublesome to say the least.

Prosecutors who appeal to the jury to consider the actions of individuals other than the defendant, "his kind," in the prosecutor's words, risk reversal by injecting irrelevant considerations of general criminality in society into the jury's deliberations. Such comments may be construed as designating the defendant as the representative of such criminality, and may encourage the jury to convict as a way of curing the broader social affliction of rampant crime perpetuated by "his kind." Here, this potential

for reversible error was exacerbated when the prosecutor referred to Appellant as a gangster, gun slinger, marauder, and macho man. Although with some hesitation I join the Majority Opinion herein because the prosecutor artfully tied his comments to the record, his arguments were as close as I can conceive to reversible error, without reaching that threshold. I suggest that prosecutors would be well-advised to avoid comments such as these in the future.

Thus, while I ultimately agree with the Majority in its resolution of this issue, I admonish prosecutors to curb their excesses and to try their cases on the evidence against the defendant, rather than on criminality unconnected to the evidence in the case. Moreover, prosecutors should avoid the gratuitous name-calling prevalent herein. By continually testing the outer limits of oratorical flair, prosecutors may well cross the line into prosecutorial misconduct and invite a reversal. This instance came perilously close.